**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JOSE EDUARDO MORAN GARCIA,

     Petitioner,

v.

PAMELA J. BONDI, United States
Attorney General,[*]

     Respondent.

No. 24-9544
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **MORITZ**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Petitioner Jose Eduardo Moran Garcia, a native and citizen of El Salvador,

petitions for review of a Board of Immigration Appeals (BIA) order upholding the

Immigration Judge's (IJ) decision denying his applications for asylum, withholding

---

[*] On February 5, 2025, Pamela J. Bondi became Attorney General of the United
States. Consequently, her name has been substituted for James R. McHenry, III as
Respondent, per Fed. R. App. P. 43(c)(2).

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

of removal, and protection under the Convention Against Torture (CAT).  Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

I.  Background

Petitioner entered the United States illegally sometime in 2021.  The Department of Homeland Security commenced removal proceedings against him in 2023, charging him with removability for having entered without inspection.  He conceded removability and applied for asylum, withholding of removal, and CAT relief.

After a hearing, the IJ found Petitioner not credible and made an adverse credibility determination.  The IJ therefore denied Petitioner's applications for asylum and withholding of removal on that basis.  The IJ explained he would also deny Petitioner's application for asylum because Petitioner did not timely file his application by the one-year deadline, and he had not established an exception to the filing deadline.  Finally, the IJ determined Petitioner was subject to the serious non-political crime bar because of evidence showing there were pending charges against him for homicide and aggravated robbery, along with witness testimony supporting that he had participated in those crimes.  The IJ therefore found Petitioner was barred from asylum, withholding of removal, and CAT relief on that basis as well.

On appeal, the BIA concluded there was no clear error in the IJ's adverse credibility determination, and that Petitioner's corroborative evidence was insufficient to rehabilitate his incredible testimony or independently satisfy his

burden of proof.  The BIA also affirmed the IJ's denial of Petitioner's applications based on the IJ's finding that Petitioner may have committed a serious non-political crime.  And the BIA also noted Petitioner had not challenged the IJ's determination that his asylum application was untimely, so the BIA concluded Petitioner waived that issue.

After affirming the IJ's determinations, the BIA dismissed the appeal. Petitioner now seeks review of the BIA's decision.  Before the IJ and BIA, Petitioner was represented by counsel, but he proceeds pro se in this petition for review.

II.  Discussion

We liberally construe pro se filings, but we "cannot take on the responsibility of serving as a litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  And pro se litigants must "follow the same rules of procedure that govern other litigants."  *Id.* (internal quotation marks omitted).

Petitioner asserts in his first issue that his innocence was "ignored," he did not "commit that crime," and "[he] was framed."  Pet'r Br. at 3.  In his second issue, he contends he qualifies for asylum and CAT relief, and "they didn't take it under consideration."  *Id.*  He further contends he has "turned in all [his] evidence."  *Id.*

The government argues Petitioner has waived any challenge to the BIA's decision due to his failure to adequately brief any arguments as to how the BIA erred in its findings.  We agree.

3

Federal Rule of Appellate Procedure 28 requires the appellant to set forth "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Even construing Petitioner's pro se brief liberally, we agree with the government that Petitioner has waived appellate review of any challenges to the BIA's decision by failing to support his conclusory assertions with citations to the record and legal authority. *See United States v. Banks,* 884 F.3d 998, 1024 (10th Cir. 2018) (explaining "[w]e aren't required to fill in the blanks of a litigant's inadequate brief" and treating arguments as waived that did not comply with Rule 28(a)(8)(A)); *Herrera-Castillo v. Holder*, 573 F.3d 1004, 1010 (10th Cir. 2009) (finding waiver where brief failed to comply with Rule 28 because the brief lacked an argument setting forth Petitioner's "contentions and the appropriate supporting authorities.")

III.  Conclusion

Petitioner's inadequate briefing compels us to deny the petition for review. We grant his motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court


Allison H. Eid
Circuit Judge

4